UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| BRIAN SPENCER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JRN, Inc., *et al.*, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case. No. 3:22-cv-00024-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant JRN, Incorporated's Motion to Dismiss. [R. 13.]  Plaintiff Brian Spencer alleges that JRN is operating at least 160 Kentucky Fried Chicken restaurants in violation of the Americans with Disabilities Act. [R. 1.]  Yet Mr. Spencer himself has only visited one of JRN's restaurants. *Id.* at 5.  JRN now moves to dismiss Mr. Spencer's claims relating to JRN locations he has not personally visited because he lacks standing to assert claims relating to these other locations. [R. 13 at 1.]  JRN also moves to strike Mr. Spencer's class allegations because the complaint does not sufficiently plead a viable class. *Id.*  For the following reasons, JRN's motion is **DENIED**.

**I**

Mr. Spencer has a mobility disability and uses a wheelchair. [R. 1 at 1.]  The complaint alleges that Mr. Spencer visited a KFC restaurant in Lexington, where he experienced difficulty entering and exiting his car and navigating the restaurant because of excessive slopes in the parking areas. *Id.* at 5.  He contends that the excessive slopes increase his risk of harm and deter

him from returning. *Id.* at 5. The KFC was one of 160 that JRN owns or operates. *Id.* at 4. It is also the only JRN location that Mr. Spencer has visited. *Id.*

The complaint alleges that JRN uses a confidential operating manual that provides mandatory standards and specifications related to each KFC location's physical facilities. *Id.* at 6. Specifically, JRN maintains restaurant buildings, drivethrus, parking lots, and landscaped areas at each location in conformance with the specifications set forth in the operating manual. *Id.* JRN's franchise agreements require locations to comply with all applicable laws and regulations and to designate an individual to supervise restaurants' compliance with JRN's centralized policies, practices, or procedures concerning obligations to maintain, repair, and replace features in its parking areas. *Id.* at 7. The policies in the operating manual, the complaint alleges, create the excessive sloping conditions. *Id.*

Mr. Spencer employed investigators to examine 14 other JRN locations for excessive sloping conditions. *Id.* He alleges that the investigators found sloping accessibility barriers in the parking spaces, accessible routes, and curb ramps of all 14 other locations. [R. 1 at 7-10; R. 14 at 8.] In all, Mr. Spencer alleges that he found conditions at JRN locations that constitute one to two violations of the Americans with Disabilities Act: one violation at 13 locations and two violations at two locations. [R. 1 at 7-10.] The alleged violations include curb ramp landing slopes exceeding 2.1%, entrance curb ramp slopes exceeding 8.33%, parking surface and access isle slopes exceeding 2.1%, clearance area slopes exceeding 2.1%, curb ramps projecting into access isles, and a curb ramp flare exceeding 10%. *Id.*

Mr. Spencer brings this action against JRN and unknown defendants under the ADA. *Id.* at 4. He seeks claims for injunctive relief against all JRN locations on behalf of a class of all

similarly situated individuals. *Id.* at 3. JRN now moves to dismiss Mr. Spencer's claims against locations he has not visited and his class allegations. *Id.* at 13.

## II

### A

JRN moves to dismiss Mr. Spencer's claims relating to KFC locations that he has never visited for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). [R. 13-1 at 5.] Motions to dismiss for lack of subject matter jurisdiction under this rule come in two varieties: a facial attack or a factual attack. *See Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions merely the sufficiency of the pleading." *Id.* In reviewing a facial challenge, the court accepts as true the allegations in the complaint. *Id.* Then, if those allegations establish federal claims, jurisdiction exists. *Id.* JRN challenges Mr. Spencer's standing based on the allegations in the complaint. Thus, it brings a facial attack on subject matter jurisdiction. *See Gaylor v. Hamilton Crossing CMBS*, 582 Fed. App'x 576, 579 (6th Cir. 2014).

#### 1

Standing is a threshold inquiry in every federal case. *See Jet Courier Servs., Inc. v. Fed. Reserve Bank of Atlanta*, 713 F.2d 1221, 1225 (6th Cir. 1983). A potential class representative must demonstrate individual standing vis-a-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action. *See Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). To establish standing, the party invoking the court's jurisdiction must show that he suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and the injury is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555,

560-61 (1992)). JRN does not contest that Mr. Spencer has individual standing to challenge its facilities at the location that Mr. Spencer has visited. [R. 17 at 5 n.2 ("JRN never made any statement regarding Plaintiff's standing vis-à-vis the Richmond Road facility.").]

**2**

Mr. Spencer argues that the standing inquiry ends there. Mr. Spencer argues that he need only establish standing for the locations that caused him individual harm, and the class certification stage decides whether he can obtain relief against JRN locations that he has not visited. [R. 14 at 15-16.] On the other hand, JRN contends that Mr. Spencer has standing to seek relief for locations he has not visited only if the discrimination arises from a common architectural design or common policy. [R. 13-1 at 4 (quoting *Timoneri v. Speedway, LLC*, 186 F. Supp. 3d 756, 761 (N.D. Ohio 2016)).]

Indeed, courts are split on whether a proposed class representative lacks standing to pursue relief for injuries suffered by proposed class members that differ from the named plaintiff's own. *Compare Timoneri*, 186 F. Supp. 3d at 761, *with Smith v. Sterling Infosystems-Ohio, Inc.*, 2016 U.S. Dist. LEXIS 144793, at *7 (N.D. Ohio Oct. 19, 2016) and *Williams v. Potomac Family Dining Grp. Operating Co., LLC*, 2019 U.S. Dist. LEXIS 181604, at *13 (D. Md. Oct. 21, 2019) (holding that "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met") (internal quotation omitted). The Sixth Circuit has not directly addressed the question. But even if individual standing is insufficient to confer class standing, Mr. Spencer meets the additional requirement to challenge JRN's conduct at all KFC locations.

Courts holding that individual standing cannot confer class standing require the alleged discrimination to arise from a common architectural design or policy. *See, e.g.*, *Timoneri*, 186 F. Supp. 3d at 761; *Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.*, 2011 U.S. Dist. LEXIS 53111, at *10 (D. Colo. May 18, 2011); *Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1042 (N.D. Cal. 2009). *Dieter v. Aldi* is illustrative. No. 2:18-00846, 2018 U.S. Dist. LEXIS 201119, at *7 (W.D. Pa. Nov. 28, 2018). There, the plaintiff filed a class action complaint under the Americans with Disabilities Act against Aldi, seeking relief against Aldi's 1,600 stores across 35 states. *Id.* at 2. The plaintiff alleged that Aldi "implemented centralized policies and practices that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Aldi's facilities." *Id.* Specifically, the plaintiff's investigators visited six locations and alleged that all six locations had accessible parking space violations and two locations had access isle violations. *Id.* at 17-18. The court held that the plaintiff sufficiently pleaded a common design or policy because the investigated facilities shared similar traits and the plaintiff alleged that the construction of the facilities was centralized. *Id.* at 19.

Here, Mr. Spencer filed a class action complaint alleging ADA violations and seeking relief against at least 160 locations. [R. 1.] Like the plaintiff in *Dieter*, Mr. Spencer alleges that JRN centrally "maintain[s] the Restaurant buildings, drivethrus, parking lots, and landscaped areas at each individual location in conformance with the specifications set forth in an [operating manual]." *Id.* at 6. These "centralized maintenance and operational policies," he alleges, "have systematically and routinely resulted in excessive sloping conditions in the Parking Areas of Defendants' facilities, in violation of the ADA." *Id.* at 7. Moreover, Mr. Spencer contends that investigators examined 14 additional JRN locations and found excessive sloping barriers in the parking areas of every location. [R. 1 at 7-10; R. 14 at 8.] Therefore, Mr. Spencer sufficiently

5

pleads a common design or policy to confer class standing because the investigated facilities share similar violations and he alleges that the violations stem from a centralized facility maintenance policy.[1] *See Dieter*, 2018 U.S. Dist. LEXIS 201119, at *19.

JRN, relying on *Timoneri v. Speedway* and *King v. O'Reilly Auto*, argues that Mr. Spencer fails to allege a common policy. However, *Timoneri* and *King* involved plaintiffs that made identical allegations of inadequate ADA compliance: the defendant's "ADA compliance policies [were] inadequate in both their conception and implementation, and Defendant's facilities continue to be inaccessible to, and not independently usable by, individuals who use wheelchairs." *Timoneri*, 186 F. Supp. 3d at 761; *King v. O'Reilly Auto., Inc.*, No. 2:15-CV-230-RMP, 2016 U.S. Dist. LEXIS 28094, at *7 (E.D. Wash. Mar. 4, 2016). The courts determined that this conclusory statement, coupled with a "small number" of violations at other locations or violations at other locations based on "different allegations," was insufficient to establish a common design or policy. *Id.* at *8; *Timoneri*, 186 F. Supp. 3d at 762. But unlike the plaintiffs in *Timoneri* and *King*, Mr. Spencer alleges that centralized facility specifications—stemming from an operating manual—create sloping conditions in violation of the ADA. [*See* R. 1 at 6-7.] These cases that JRN cites do not involve allegations of centralized facility specifications. Thus, the complaint sufficiently establishes Mr. Spencer's standing to challenge all JRN locations.

---

[1] JRN argues that the Court should disregard Mr. Spencer's allegations relating to its common design or policy because Mr. Spencer pleads the operating manual's contents upon "information and belief" rather than the operating manual itself or other facts establishing the manual's contents. [R. 13-1 at 8.] However, a party may plead factual allegations based on information and belief when the complaint "indicate[s] that 'the facts are peculiarly within the possession and control of the defendant'" or the belief is based on facts that makes the inference of culpability plausible. *Lancaster Bingo Co. LLC v. Hockman*, No. 2:22-cv-2252, 2023 U.S. Dist. LEXIS 24484, at *8 (S.D. Ohio Feb. 13, 2023) (quoting *Cassidy v. Teaching Co., LLC*, No. 2:13-CV-884, 2014 U.S. Dist. LEXIS 55022, 2014 WL 1599518, at *3 (S.D. Ohio Apr. 21, 2014)); *see also see also Starkey v. JP Morgan Chase Bank*, NA, 573 F. App'x 444, 447-48 (6th Cir. 2014). Here, the complaint alleges that the operating manual—setting forth specifications for JRN's facilities—is an internal and confidential document. [R. 1 at 2, 6.] Thus, the complaint alleges that the manual is peculiarly within the possession and control of JRN and Mr. Spencer may plead his allegations regarding the operating manual on information and belief. Moreover, Mr. Spencer's allegations that fifteen JRN locations violate the ADA's sloping requirements renders plausible his claim that JRN's operating manual creates excessive sloping.

**B**

JRN also argues that the Court should dismiss the class allegations because Mr. Spencer fails to plead a viable class under Federal Rule of Civil Procedure 23(a). Although JRN does not specify the rule on which it seeks to "dismiss" the class allegations, it is most appropriately considered as a motion to strike. Fed. R. Civ. P. 12(f); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945-46 (6th Cir. 2011) (reviewing a district court's ruling on a motion to strike to determine whether the complaint sufficiently pleaded class allegations); *Dieter*, 2018 U.S. Dist. LEXIS 201119, at *6 ("It would be error for a court to apply the Rule 12(b)(6) plausibility standard set forth in *Twombly* and *Iqbal* to 'dismiss' class action allegations in a complaint.").

To sue on behalf of a class, Rule 23 requires that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims of the representative party is typical of the claims of the class, and (4) the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Certification is only proper if, after a "rigorous analysis," a court finds that all the prerequisites of Rule 23 have been satisfied. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1078-79 (6th Cir. 1996) (citing *Gen. Telephone Co. v. Falcon*, 457 U.S. 147, 161 (1982)).

Though procedurally permissible, striking a plaintiff's class allegations prior to discovery and a motion for class certification is a rare remedy. *See Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); *see also Chen-Oster v. Goldman, Sachs & Co.*, 877 Fed. Supp. 2d 113, 117 (S.D.N.Y. 2012) (noting that, generally, "motions of this kind are deemed procedurally premature"). The Sixth Circuit has stated that a district court should usually "defer decision on class certification issues and allow discovery 'if the existing record is inadequate for

resolving the relevant issues.'" *Bearden v. Honeywell Int'l, Inc.*, 720 F. Supp. 2d 932, 942 (M.D. Tenn. 2010) (citing *In re Am. Med. Sys.*, 75 F.3d at 1086).

The moving party has the burden of demonstrating from the face of the complaint that "it will be impossible to certify the class as alleged, regardless of the facts plaintiffs may be able to prove [through discovery]." *Schilling v. Kenton Cnty.*, No. 10-143-DLB, 2011 U.S. Dist. LEXIS 8050, at *12 (E.D. Ky. Jan. 27, 2011) (citations omitted); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1383 (3d ed. 2018) ("[C]lass allegations [are] stricken prior to a motion for certification only when class certification is a clear impossibility."). In other words, a court should strike class allegations only if "it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23." *Bearden*, 720 Fed. Supp. 2d at 942.

JRN argues that the Court should strike Mr. Spencer's class allegations because the complaint fails to show that there are questions of law or fact common to the class. [R. 13-1 at 10-11.] Commonality requires the plaintiff to demonstrate that the class members have "suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-50 (2011). Traditionally, this requirement demands only one issue that is common to all members of the class, not multiple issues. *In re Am. Med. Sys. Inc.*, 75 F.3d at 1080; *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003) ("Although Rule 23(a)(2) refers to common questions of law or fact, in the plural, there need only be one question common to the class—though that question must be a 'common issue the resolution of which will advance the litigation.'") (quoting *Sprague v. Gen. Motors*, 133 F.3d 388, 397 (6th Cir. 1998)).

Yet the language of commonality "is easy to misread, since any competently crafted class complaint literally raises common questions." *Dukes*, 564 U.S. at 349-50. Therefore, the

8

essential commonality inquiry is not whether a common question exists, "but rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.* at 350. Dissimilarities between members of the proposed class can impede the satisfaction of this requirement. *Id.*

Mr. Spencer contends that there are questions of law or fact common to the class because centralized maintenance and operational policies caused the unlawful sloping conditions and because the sloping conditions are similar. [R. 14 at 18 (citing R. 1 at 7).] JRN argues that commonality cannot be met for two reasons. First, JRN contends that ADA accessibility standards differ depending on when the condition was constructed. [R. 13-1 at 12.] These differing standards "prevent class members from obtaining common answers" and would "require the court to hold a series of mini-trials." *Id.* at 12-13 (citing *Timoneri*, 186 F. Supp. 3d at 763).

Certainly, differences in applicable law may impede class certification because there may be "no common answer to the question posed by the plaintiff." *Wagner v. White Castle Sys.*, 309 F.R.D. 425, 430 (S.D. Ohio 2015) (rejecting class certification because "each restaurant's parking lot would need to be individually examined."). But this matter is not before the Court on class certification. In this case, the pleadings are silent about when JRN's locations were constructed. Thus, it is too soon to tell whether differing standards will be a problem in this case. Like in *Dieter*, for the Court "to conclude that [JRN's] locations are too different from one another prior to discovery would be a factual finding that simply cannot be inferred from the pleadings." 2018 U.S. Dist. LEXIS 201119, at *13-14.

Second, JRN contends that Mr. Spencer's allegations of ADA violations "vary from location to location" in both type and degree, which would "preclude providing a common

9

answer for Plaintiff's purported class." [R. 13-1 at 11.] Mr. Spencer alleges "excessive sloping accessibility barriers" at JRN's facilities. [R. 14 at 8.] In support, he alleges that investigators found excessive sloping barriers at every location visited. [R. 1 at 7-10.] However, the sloping allegations included separate alleged sloping violations to curb ramps, parking spaces, and access isles. [R. 1 at 7-10.] The complaint does not identify the extent to which the slopes exceed acceptable standards under the ADA. In addition, the complaint includes one allegation of an excessive flare, rather than slope, on a curb ramp. [R. 1 at 9-10.]

JRN, relying again on *Timoneri*, argues that these varying allegations show that the potential class members have not "suffered the same injury" necessary to satisfy the commonality requirement. *See Dukes*, 564 U.S. at 349. But the Court in *Timoneri* faced allegations with greater variation. There, the plaintiff alleged ADA violations that included excessive sloping as well as "no spaces designated as van accessible; spaces not marked with required signs; faded markings and cracks in cement; signs designating spaces as accessible mounted less than 60 inches above the finished surface of the parking area; no clear markings designating accessible areas; no access aisle provided adjacent accessible spaces; and a curb ramp located on the route to the building entrance with an excessive running slope." 186 F. Supp. 3d at 758. The plaintiff alleged between one and four violations at each location. *Id.* Mr. Spencer's allegations—except one—pertain to excessive sloping conditions.[2] [R. 14 at 8.] His complaint focuses on sloping conditions. [R. 1 at 1 ("Plaintiff's claims arise from own his experience with excessive sloping conditions in purportedly accessible parking spaces, access aisles, and curb ramps.").] Therefore, from the face of the complaint alone, Mr. Spencer shows that there are questions of law or fact common to the class. *See, e.g.*, *Dieter*, No. 2018 U.S. Dist.

---

[2] Mr. Spencer includes curb ramp projecting into access isle violations as an excessive sloping accessibility barrier. [R. 1 at 9; R. 14 at 8.] JRN does not dispute this characterization. [R. 13-1 at 11-12; R. 17 at 7.]

10

LEXIS 201119, at *15 ("Because the putative class in this case is limited to alleged slope-related violations in parking lots, the concern about different species of violations is not sufficiently present here to strike the class allegation prior to discovery.").

JRN argues that the ADA accessibility standards will differ based on location. [R. 13-1 at 12-13.] JRN also argues that the alleged violations will require a burdensome and individualized analysis. *Id.* at 11-12. Indeed they may. But striking class allegations at this stage is a rare remedy. *See Weathers*, 499 F.2d at 1200. The Court may do so only if it will be impossible to certify the class as alleged. *See Schilling*, 2011 U.S. Dist. LEXIS 8050, at *12. The complaint here primarily alleges common sloping violations at JRN locations. These allegations sufficiently plead that there are questions of law or fact common to the class. *See* Fed. R. Civ. P. 23(a)(2). The Court will defer a more searching inquiry until Mr. Spencer presents a motion for class certification. *See, e.g.*, *Bearden*, 720 F. Supp. 2d at 942.

### III

JRN alleges that Mr. Spencer lacks standing to bring class claims and that the complaint insufficiently pleads commonality. However, taken as true, the complaint alleges a common design or policy and that there are questions of law or fact common to the potential class. Accordingly, and the Court being sufficiently advised, Defendant JRN, Incorporated's Motion to Dismiss **[R. 13]** is hereby **DENIED**.

This the 27th day of February, 2023.

Gregory F. Van Tatenhove
United States District Judge